# Jones *v.* Ross.

*Action for Damages for Breach of Warranty, and Deceit in the Sale of a Horse.*

1. *Damages recoverable where there is bad faith or fraud.*—A complaint charging that the defendant had sold the plaintiff a horse which he falsely represented to be kind and gentle, when the defendant knew said horse was vicious and unsafe, is a sufficient averment of deceit or fraud to authorize the recovery for personal injuries received by plaintiff, by reason of said horse running away, upon proof of the complaint.

2. *Answer not responsive, and otherwise objectionable.*—The answer of a witness in reply to the question, "what is the name of the horse?" that witness had heard him called "the big legged runaway horse," was not responsive, was in the nature of hearsay evidence, and calculated to prejudice the jury against the defendant, and, on motion, should have been excluded.

3. *Where no evidence of fraud or deceit, measure of recovery.*—Where there was no evidence of bad faith or fraud the charge asked by the defendant, "that in no phase of the evidence in the case is the plaintiff entitled to recover damages for the injuries received by the running away of the horse," should have been given.

APPEAL from Etowah Circuit Court.

Tried before Hon. JOHN B. TALLY.

This was an action brought by the appellee, W. A. Ross, to recover of the appellant, L. G. Jones, damages alleged to have been suffered by a breach of a warranty, and for deceit of the defendant, in selling to plaintiff a horse as a kind, gentle work horse, but which, upon being hitched to plaintiff's buggy, became unruly and ran away, breaking the buggy and throwing plaintiff to the ground. The complaint further averred that the defendant knew that said horse was vicious and unsafe, and falsely and intentionally represented him to plaintiff, as safe and gentle. To the complaint the defendant demurred, (1), that said complaint did not aver that the horse was a vicious animal; (2), that the complaint fails to state that the horse was not worth what plaintiff paid for him; (3), that the damages complained of were too remote; (4), that the action is tort, when an action on the contract is the proper remedy; (5), that the complaint was not based on any direct or fraudulent misrepresentation of defendant, but is for injuries alleged to have been received by plaintiff's own horse running away. The court overruled these grounds of demurrer, and issue was joined on the plea of not guilty.

[Jones v. Ross.]

There was judgment for the plaintiff. The action of the court in overruling defendant's demurrer to the complaint is assigned as error on this appeal. Other exceptions were reserved, and assigned as error, which are stated in the opin of the court.

AMOS E. GOODHUE, for appellant.

J. A. BLOUNT, for appellee.

COLEMAN, J.—The plaintiff, Ross, sued appellant, Jones, to recover damages for a breach of warranty and deceit, in the sale of a horse. The damages claimed are based upon personal injuries, and destruction of buggy and harness, sustained by plaintiff, caused by the running away of the horse on the day and soon after the purchase.

There is but one count in this complaint, and to this the defendant interposed a demurrer. The complaint avers that "defendant sold to plaintiff a horse, which defendant falsely represented to be gentle, and to work kind and gentle anywhere." After stating the fact that plaintiff made the purchase, and his reliance upon these representations, and the fact that the horse being hitched to his buggy, ran away, the damage to the buggy, and the personal injuries sustained, the complaint avers "that the defendant knew said horse was vicious and unsafe and falsely and intentionally represented him to plaintiff to be safe and gentle."

In the case of *Herring v. Farrell*, and *Herring v. Skaggs*, first reported in 62 Ala. 180, and afterwards in 73 Ala. 446, the extent and character of damages recoverable in an action for breach of warranty was considered and adjudicated. After reviewing the authorities, this court held, that in the absence of fraud or bad faith, the proper measure of damages, in a suit by the purchaser of a safe against the maker who warranted it "burglar proof," is the difference between the value of the safe as it was, and what it would have been worth, if it had been as represented; and not the damages sustained in the loss of valuables taken out of it by burglars." That to justify a recovery for the loss of valuables placed in the safe, it was necessary to show bad faith on the part of the seller. "There must have been" (says the court) "an assertion as fact of that which the seller knew to be false, or a reckless, false affirmation that the safe was burglar proof when the seller did not know whether the assertion was true or not, or, a knowledge on the part of the seller that the safe was not burglar proof, and a failure to communicate

that knowledge, when he knew the purchaser was contracting for the safe as burglar proof, and the purchaser must have trusted these representations and been misled by them."

We think the complaint in this case showed a good cause of action and authorized the introduction of evidence of the larger damages.—62 Ala. and 73 Ala. *supra*; *Bell v. Reynolds*, 78 Ala. 516.

The witness Haseltine was asked, "What is the name of the horse?" To which the witness replied, he had heard him called "the big legged runaway horse." The question was objected to, and after the answer, the defendant moved to exclude it, from the jury. The court overruled the objection to the question, and refused to exclude the answer. We see no legal objection to the question, as to the name of the horse, as such testimony tended to identify the horse, but the answer should have been excluded. It was not responsive to the question, was in the nature of hearsay evidence, and calculated to prejudice the jury against the defendant. The defendant asked the court to charge the jury, "That in no phase of the evidence in the case, is the plaintiff entitled to recover damages for the injuries received by the running away of the horse." The bill of exceptions purports to set out all the evidence. To recover for the personal injuries, it was necessary to allege and prove bad faith, or fraud, or that reckless, false affirmation that the horse "was gentle and would work kind and gentle any where," *to be the equivalent of bad faith.* The complaint is ample. It avers that the plaintiff knew the horse to "be vicious and unsafe, and falsely and intentionally represented him to be safe and gentle." There is not one particle of evidence in the record tending to show that defendant knew or had reason to believe the horse to be vicious and unsafe, or that the affirmation was of that reckless character, to be the equivalent of bad faith, and without proof of some fact or circumstance tending to sustain these averments, plaintiff was not entitled to recover for personal injuries in this action. Under the evidence in the case the charge should have been given.

Reversed and remanded.