# Bessemer Ice Delivery Company v. Brannen.

## Action of Assumpsit.

1. *Appeal from justice peace court; defects in pleading immaterial.*
   On an appeal from a judgment rendered by a justice of the peace, the case is tried *de novo*, and without regard to any defect in the summons and complaint or other process or proceeding before the justice of the peace, (Code, § 488), and, therefore, in an action of assumpsit, a complaint filed after the appeal, is not subject to demurrer upon the ground that it was different from the complaint originally filed in the justice of the peace court, in that the original complaint did not state a cause of action.

2. *Action of assumpsit; sufficiency of pleading setting up breach of warranty.*—In an action to recover the purchase price of a horse sold by plaintiff to defendant, a plea which sets up a warranty in the sale of the horse and a breach of said warranty, without averring any damage to the defendant from such breach, is defective and subject to demurrer.

3. *Same; same.*—In an action to recover the purchase price of a horse sold by the plaintiff to defendant, pleas which set up false representation made by the plaintiff in sale of the horse and which, therefore, seek to recoup damages which are alleged to have been sustained by reason of such misrepresentation, but which fail to aver an offer on the part of defend-

[Bessemer Ice Delivery Company v. Brannen.]

ant to return the horse within a reasonable time after discovery of the fraud, are bad and subject to demurrer.

4. *Sufficiency of plea; when motion to strike properly sustained.* In an action to recover the purchase price of a horse sold by the plaintiff to defendan', a plea which sets up misrepresentation on the part of the plaintiff as to the horse, bu' which does not aver that the horse was sold for any particular purpose, but avers that the horse was "ut'erly worthless for the purpose for which she was bought," it is not error for the court to strike on motion of the plaintiff from said plea, the words "purpose for which she was bought."

5. *Action for recovery of purchase price of horse; admissibility of evidence.*—In an action to recover the purchase price of a horse sold by plaintiff to the defendant, where one of the pleas of the defendant sets up a misrepresentation on the part of the plaintiff, as to the qualities of the horse, and it is averred in said plea that said horse was "utterly worthless," but there is no averment that the horse was purchased for any particular purpose, it is not competent for a witness to testify as to whether the horse purchased by the defendant was "ut.erly worthless for the purpose for which she was bought."

6. *Same; same.*—In an action to recover the purchase price of a horse sold by plaintiff to defendant, where there is no plea setting up any warranty of soundness of the horse, it is not competent for the defendant to prove tha. at the time of the purchase the horse was suffering from some disease.

APPEAL from the City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This action was brought by the appellee, W. H. Brannen, against the appellant, Bessemer Ice Delivery Company. As stated in the opinion, the cause was commenced in a justice of the peace court, wherein it was sought to recover an amount due upon an account; subsequently, in the justice of the peace court an amended complaint was filed, wherein the plaintiff claimed the price of a mare that was sold by plaintiff to defendant. From the judgment in the justice of the peace court, in favor of the plaintiff, the defendant appealed to the city court of Bessemer. In this court, the plaintiff refiled the amended complaint, which was in words and fig-

[Bessemer Ice Delivery Company v. Brannen.]

ures as follows, to-wit: "The plaintiff claims of the defendant the sum of $60.00 due by account for a mare that plaintiff sold the defendant on or about the 15th day of April, 1901." To this complaint, as filed, in the city court of Bessemer, the defendant demurred upon the following grounds: (1) Because said complaint joins a suit on a promissory waive note, with a suit on common counts. (2) Because said complaint as amended fails to state when said account was created. (3) Because said complaint as amended fails to state when said account is or was due. (4) Because as amended the complaint introduces an entirely new cause of action. This demurrer was overruled. The defendant pleaded the general issue and the following special pleas: "(1) That the defendant herein did bargain for a mare, from the plaintiff and was to pay him the sum of sixty dollars, and defendant avers that plaintiff warranted that said mare would work any where, both in single and double harness, and to any kind of vehicle and that said mare would so work, kind and gentle. But defendant avers that said mare was unkind and not gentle, and would not work kind and gentle either in single or double harness, as guaranteed by the plaintiff; and defendant avers that said mare was wild, balked, and would not pull any kind of a vehicle in double or single harness, and was so wild and unkind that defendant could not work her with safety to any kind of a vehicle, and that this defendant was deceived by the plaintiff in the sale of said mare to defendant, and in the representations made by the plaintiff to the defendant, because said mare was not gentle and kind as represented and would not work as represented by the plaintiff. (2) Defendant avers that he was put to great trouble, expense and delay in his business and in the delivery of ice, by the wild, unkind nature of this mare, and on account of the false representations made to the defendant by the plaintiff, and that his business was injured to the extent of and in the sum of twenty-five dollars, on account of said mare and said false representations, wherefore this defendant prays set-off, and recoupment, and demands damages in the said sum of twenty-five dollars. (3) And defendant avers that he

was duped and deceived in the purchase of said mare in this, that the plaintiff falsely represented to the defendant that said mare was kind and gentle and would work anywhere and in any kind of vehicle, both single and double, and defendant avers that said mare was wild and unkind, and would not work anywhere and in any kind of vehicle. And defendant avers that it is in the ice delivery business in the city of Bessemer, where it is necessary for him to deliver ice daily, and said mare was bought for the purpose of working in one of the ice delivery wagons; but defendant says she would not work, and defendant was put to great expense in to-wit, about twenty-five dollars, by the failure to deliver ice as he had contracted to do, and he could not carry out his contract of delivery on account of the wild and unkind nature of said mare, and the refusal of said mare to work as represented to defendant by plaintiff. Wherefore defendant says his business was damaged and injured in said sum of tewnty-five dollars, and he prays set-off and recoupment, and claims damages in the sum of twenty-five dollars. (4.) Defendant avers that said mare sold by the plaintiff to the defendant was utterly worthless for the purpose for which she was bought in this, that she was wild and unkind, and would not work to any kind of vehicle, either in single or double harness, as she had been represented by the plaintiff to the defendant. And defendant says that plaintiff represented that said mare was gentle and kind and would work any where to any kind of a vehicle, single or double; but defendant avers that said mare was unkind, wild, and not gentle, and would not work to any kind of a vehicle as she had been represented to the defendant by the plaintiff. And defendant avers that in the deceit in the sale of said mare to defendant by plaintiff he was damaged in the sum of eighty-five dollars, and demands judgment in recoupment in the sum of eighty-five dollars."

To the first and fourth pleas, respectively, the defendant demurred, upon the following grounds: (1) Said plea is a plea of recoupment for breach of warranty of quality, and does not specify any item of damages. (2) Said plea admits the sale and purchase of the mare for

the price claimed in the complaint, and sets up as a complete defense a breach of warranty of quality, without stating any element of damages or wherein or how much damaged by the alleged breach. (3) Said plea admits the sale of sixty dollars and sets up as a defense to the whole cause of action a breach of warranty of quality which is not good defense in law. (4) Said plea is defective and insufficient because it is not so framed that any judgment in law could be rendered on it for any sum.

Defendant demurred to the 2d and 3d pleas upon the ground "that said pleas are in recoupment, and the damages therein claimed are too vague, speculative, insufficient and remote." The court sustained the demurrers to the 1st, 2d, and 3d pleas, and overruled the demurrer as to the 4th plea. Thereupon, the plaintiff moved to strike from the 4th plea the words "for the purpose for which she was bought" upon the grounds: (1) "Said words are immaterial and frivolous;" and (2) "Because there is no averment that the mare was bought for any particular purpose." This motion was sustained.

During the examination of one W. Garner, as a witness for the defendant, he testified that he had thirty years or more experience in handling horses; that he had seen the mare involved in this suit, but had refused to break her. The defendant then asked the witness the following question: "In your opinion, as an expert, state whether or not said mare had ever suffered from fistula?" Plaintiff objected to this question, the court sustained the objection, and defendant duly excepted. The other facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion. Three were verdict and judgment in favor of the plaintiff. From this judgment, the defendant appeals, and assigns as error, the several rulings of the court to which exceptions were reserved.

ESTES & SMITH, for appellant.

TROTTER & ODELL, contra.—*Freeman v. Speigle*, 83 Ala. 191; *Smith v. East Tenn. V. & G. Ry. Co.*, 98 Ala. 154; *Browder et al. v. Irby*, 112 Ala. 379; *Lawton v.*

*Ricketts,* 104 Ala. 430; *Recd L. Co. v. Lewis,* 94 Ala. 626; *Moulthrop v. Hyett et al.,* 105 Ala. 493.

DOWDELL, J.—This case originated in the justice court, and was commenced by summons and complaint. A judgment was there rendered against the defendant from which an appeal was taken to the city court of Bessemer. Under the statute, (section 2667 of the Code), in suits commenced before a justice of the peace, the filing of a complaint is not required; it is sufficient to indorse the cause of action on the summons. But this does not prevent the filing of a complaint, if the plaintiff sees proper to do so. In this cause a complaint was filed, which stated the cause of action to be on an account. This was quite as sufficient as if it had been indorsed on the summons. Afterwards an amended complaint was filed, claiming for the price of a mare sold to the defendant on the 15th of April, 1901. On this complaint judgment was rendered by the justice in favor of plaintiff. On appeal to the city court, the amended complaint was there refiled and was demurred to by the defendant, which demurrer the court properly overruled. Some of the grounds of the demurrer relate to the proceedings in the justice court. On appeal the case must be tried *de novo* and according to equity and justice, without regard to any defect in the summons, or other process, or proceedings before the justice.—Code, § 488. These, as also other grounds of demurrer, were without merit.

The defendant filed four pleas, to the first of which demurrers were sustained. The first plea sets up a warranty in the sale of the mare and a breach of the warranty, without averring any damages to the defendant from such breach. If the defendant desired to keep the mare and rely upon the warranty, and recoup for the damages sustained by its breach, and this he had a right to do, then he should have averred the amount of the damages he claimed by way of recoupment. The plea in this respect was defective, and there was no error in sustaining the demurrer. The second and third pleas set up false representations made in the sale of the mare, and sought to recoup for damages al-

[Bessemer Ice Delivery Company v. Brannen.]

leged to have been sustained by reason of such misrepresentations. Apart from other defects in these pleas, the failure to aver an offer to return the mare within a reasonable time after discovery of the fraud, rendered the pleas bad. Moreover, the damages claimed are in their nature speculative, and on this ground the demurrer was properly sustained. The true measure of damages in such case is the difference in value of the mare, with and without the qualities represented.—*Lawton r. Ricketts,* 104 Ala. 430; *Reed L. Co. v. Lewis,* 94 Ala. 626; *Moulthrop v. Hyett,* 105 Ala. 493.

The fourth plea did not aver that the mare had been sold by the plaintiff and purchased by the defendant for any particular purpose, and consequently there was no error in sustaining the motion of the plaintiff to strike from said plea the words, "the purpose for which she was bought." The plea as it remained after these words were stricken out contained the averment, "that said mare sold by the plaintiff to the defendant was utterly worthless," and issue was taken on this plea. One Pilcher testifying at a witness for the defendant was asked the following question: "State whether or not said mare was utterly worthless for the purpose for which she was bought," and to which an objection interposed by the plaintiff was sustained by the court. This ruling of the court was free from error, since there was no averment in the plea of any purpose for which the mare was bought. There was no plea setting up any warranty of soundness of the animal, and consequently the question to the witness, Warner Gardner, called for irrelevant evidence, and the objection to it was properly sustained.

We find no error in the record, and the judgment will be affirmed.