# Rockett v. Edmondson.

## Assumpsit.

(Decided Jan. 13, 1910. 51 South. 143.)

1. *Money Had and Received; Defense; Consideration.*—A plea alleging that there was no consideration for the promise alleged to have been made by the defendant sets up nothing by way of defense to a count for money had and received.

2. *Same; Reception Under Promise to Pay.*—Where by an agreement between the parties a life insurance policy was made payable to the defendant upon the defendants agreement to give plaintiff a part of the amount received under the policy if plaintiff should outlive defendant, both plaintiff and defendant being donees, defendant upon receiving the insurance money was a trustee for the amount he agreed to pay plaintiff and plaintiff could maintain an action therefor as for money had and received.

. 3. *Frauds, Statute of; Implied Contract.*—The statute of frauds is not a defense to a count for money had and received.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by E. L. Edmundson against Moss Rockett. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint is as follows: "Plaintiff claims of defendant the sum of $100 due by him for money had and received, to wit, in June, 1906."

The demurrers were that "the complainant does not state a cause of action, or of indebitatus assumpsit under the common count; because it is vague and indefinite in its averments, in that it does not allege the facts with sufficient definiteness and certainty."

The pleas were as follows: "(2) And for further answer to the complaint defendant says that the demand sued on is an alleged promise to pay the debt of another, to wit, one Ira Lacy, and is void under the statutes of frauds. (3) There was no consideration for the promise alleged in complaint to have been made by the defendant. ( 4) The foundation of the suit is an alleged promise to pay the debt of another, which promise was not, nor was any memorandum thereof, reduced to writing and signed by the defendant, or any other person by him thereunto lawfully authorized in writing. (5) Said alleged action is based upon an agreement which, by its terms, was not to be performed within one year from the making thereof. (6) Said action is founded upon an alleged special promise, not in writing, to answer for the debt, default, or miscarriage of another."

The demurrers were as follows: "Because said pleas are no answer to the complaint. ((2) It is immaterial whether there is any consideration or not, in an action for money had and received. (3) The complaint alleges no promise based upon any consideration, or for which a consideration must be required. (4) The pleas present immaterial issues. (5) An action for money had and received will be without a considera-

tion to support the same. , (6) The pleas state merely the conclusions of the pleader."

MATTHEWS & MATTHEWS, and F. E. BLACKBURN, for appellant.—Demurrer should have been sustained' to the complaint.—Form 11, p. 1195, Code 1907; *Steiner v. Clisby,* 103 Ala. 181; *Hudson v. Scott,* 125 Ala. 177; 27 Cyc. 878; *State v. Sims,* 76 Ind. 328; *Coons v. Williamson,* 90 Ind. 599; *Branin v. Voorhees,* 14 N. J. L. 590. Counsel discuss other assignments of error but without further citation of authority.

ESTES, JONES & . WELCH, for appellee.—The demurrers to the complaint were general, and hence, properly overruled.—Sec. 5340, Code 1907; 4 Mayf. Dig. 491; 5 Id. 760. The court properly sustained demurrers to the pleas.—*Ryall v. Allen,* 143 Ala. 227; 2 Mayf. 176. Both plaintiff and defendant were donees under the policy.—*Weston v. Barker,* 7 Am. Dec. 319; *Catlin v. Birchard,* 13 Mich. 110.

DOWDELL, C. J.—This cause originated in the justice of the peace court, and was commenced by summons and complaint. From a judgment there rendered against the defendant, an appeal was taken to the city court of Bessemer. In the city court a demurrer was interposed to the complaint, and was by the court overruled. This ruling is here assigned as error. What . was said in the case of *Bessemer Ice Delivery Co. v. Brannen,* 138 Ala. 157, 35 South. 56, as to the ruling of the court on the demurrer to the complaint in that case, is applicable here. Moreover, the demurrer in the present case is general. The action of the court in overruling the demurrer is free from error.

Pleas 2, 3, 4, 5, and 6, to which demurrers were sustained, were each bad, and subject to demurrer. The

complaint contained a single count "for money had and received." The matter set up in these several pleas constituted no defense to such complaint.

The case was tried by the court without the intervention of a jury, and a judgment was rendered for the plaintiff. There was evidence on the part of the plaintiff which tended to show that one Lacy insured his life, making the policy payable to the defendant, and in doing so stated to the defendant that he (Lacy) wanted him (the defendant) to pay the plaintiff $100 out of said insurance if the plaintiff survived him (Lacy) and that the defendant agreed to do so. The plaintiff survived Lacy, and on the death of Lacy the defendant collected the amount of the policy, which was $2,000, and then refused to pay the plaintiff the $100. So far as the record shows, both defendant and plaintiff were donees of the said Lacy in the insurance so taken out by him.

On the foregoing phase of the evidence, the defendant, when he collected the insurance, became a trustee as to the $100 which he had promised the insured he would pay to plaintiff. It was money which ex æquo et bono belonged to the plaintiff, and for which the plaintiff could maintain his action "for money had and received." In principle, the whole transaction was the same as if the said Lacy had delivered to the defendant $2,000 as a gift, with the request—and a promise on the part of the defendant to comply—that he pay the plaintiff, out of the sum, $100. In such case no one would question that the $100 was money had and received for the benefit of the plaintiff.

The evidence on the part of the defendant was contradictory to the plaintiff's evidence. The trial court, however, had the witnesses before him, and saw them and heard them deliver their testimony, and con-

sequently was better able to judge of their credibility than are we. If the plaintiff's evidence was true, and the court so held, then the plaintiff was entitled to the judgment rendered. We have examined and considered the rulings of the court on the introduction of evidence, to which exceptions were reserved, and we do not find that any reversible error was committed.

What we have already said as to the trial court having the witnesses before it is sufficient to indicate our views as to the action of the court in overruling the motion for a new trial. We think the motion was without merit, and was therefore properly overruled.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.