[Allen v. Smith.]

# Allen *v.* Smith.

*Assumpsit.*

(Decided Jan. 20, 1910.   51 South. 724.)

1. *Charge of Court; Directing Verdict.*—Where there is a conflict in the evidence the affirmative charge cannot be properly given.

2. *Insurance; Life Insurance; Note; Fraud.*—The evidence in this case stated and examined, and held to require a submission to the jury of the issue of fraud in obtaining the policy.

3. *Same; Decision.*—Where the insured sought to rescind on the ground of fraud, a tender by him of the policy to the agent who took the application was not a tender to the insurer, it appearing that the agent who took the application was merely a soliciting agent, and that his connection with the matter ceased when the application was made.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by J. G. Allen against A. C. Smith on insurance note. Judgment for defendant and plaintiff appeals. See also 145 Ala. 657; 39 South. 615. Reversed and remanded.

W. F. GLOVER, for appellant.—Counsel discuss the issues but without citation of authority.

G. H. CARNATHAN, for appellee.—As to the question of agency see.—*Queen's I. Co. v. Young,* 86 Ala. 424; *G. H. I. Co. v. Allen,* 128 Ala. 451. The affirmative charge was properly denied, as there was conflict in the evidence.—*Peters v. Southern Ry. Co.,* 135 Ala. 537; *McWhorter v. Bluthenthal,* 136 Ala. 568.

MAYFIELD, J.—The complaint is on a promissory note for $78.96, dated March 6, and payable November 1, 1901, to the order of the maker. It was indorsed:

"Pay to J. G. Allen. A. C. Smith, Indorser." The defendant pleaded four pleas, as are set out in the record, the third of which was the "general issue." The plaintiff demurred to the first, second and third pleas, which demurrers were sustained. Thereupon the defendant was granted leave "to amend his said pleas (first, second, and third) by adding plea No. 5." This plea set up that, after defendant "discovered said fraud (set up in pleas 1 and 2), he offered to return said policy of life insurance to said company (the Mutual Life Insurance Company), or to said agent, J. G. Allen, within a reasonable time"; and issue was taken on these three pleas as thus amended, and on plea 4, to which there was no demurrer.

There are only two assignments of error: First. That the court erred in refusing to give the charge : "If they (the jury) believe the evidence they will find for the plaintiff." Second. "If Allen (the plaintiff) was only a soliciting agent for the company, his agency terminated when the application was made and the policy was issued to Smith, and the tender to him, at the time he asked for the payment of the note, was not a tender to the company."

The first charge was properly refused. There was conflict in the evidence, and the pleas on which issue was joined were not proved without conflict. The evidence for the defendant tended to show that, when the policy was taken the plaintiff represented to him that the policy for $2,000 would increase to $3,500 in 20 years, and when the policy was given to him he found that the sum to which the policy would increase was a good deal less than that sum; that he rescinded the policy in March, 1901, through the mail, the policy having been applied for previously in the same month. He did not state how, or to whom, he rescinded it. The plain-

tiff testified that the policy was as he represented it. The evidence of the plaintiff was that he never heard of any fraud in regard to the policy until the first trial of the case, and defendant never denied the justness of the note, but promised to pay it; that nothing was said about returning the policy or charging any fraud in regard to it; that plaintiff was employed as a soliciting agent for the insurance company by J. S. Wilcox, its state agent; that under this appointment he secured the application of defendant for insurance in said company, and took the note sued on for the first premium on his policy, and sent said note and application to said Wilcox, as state agent of said company, when his connection with said policy ceased, and the policy was sent to defendant by mail; that said note was his (plaintiff's) property, and he so claimed it of defendant, as he had settled with said Wilcox, as state agent, for it, and he so represented and claimed, when he presented the note for payment; that at the time he made demand for the payment of said note he was still soliciting agent for insurance in said company, under the appointment of said Wilcox, as state agent for said company, and he did not remember telling defendant anything about his being agent for the company when he (defendant) solicited or made application for the policy. It does not appear in evidence that the defendant has not now in his possession the said policy of insurance. He testified that, when plaintiff demanded payment of the note from defendant, he said that, if plaintiff would go to his (defendant's) house with him, he could get the policy, and plaintiff told him he did not want the policy, and would not have it, but wanted the money on the note.

The said second charge, asked by plaintiff, seems to be free from error, and should have been given. The question as to plaintiff's being a mere soliciting agent

of the company was referred for determination to the jury. The evidence tended to show that he was nothing more, and that, not by the appointment of the company, but by that of the state agent. If the tender of the policy to him was after his connection with the same had ceased, it was not a tender to the company.—*Queen Ins. Co. v. Young,* 86 Ala. 424, 5 South. 116, 1 Am. St. Rep. 51. For the error in refusing this charge, the judgment below must be reversed.

The opinion in this case was prepared by Justice HARALSON, and has been adopted by the court.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MCCLELLAN, JJ., concur.