(77 South. 403)

RODDAM v. BROWN et al.   (6 Div. 642.)

(Supreme Court of Alabama.   Dec. 20, 1917.)

1. SALES ⬤⇒435(1) — REMEDIES OF BUYER — BREACH OF WARRANTY — PLEA OF RECOUPMENT.

In an action on a note and mortgage given for the price of a cow, a plea alleging plaintiff's warranty that the cow was sound, that in fact she was unsound, and, in effect, that by reason of her unsoundness she died, and was lost to defendants, was a good plea of recoupment.

2. SALES ⬤⇒442(2) — WARRANTY OF SOUNDNESS—BREACH—DAMAGES.

For breach of warranty of soundness of a cow sold, the purchasers were entitled to recoup in damages, in the seller's action on their note, to the extent of the difference between the value of the cow in her unsound condition and what

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

her value would have been had she been as warranted.

**3.** SALES ☞435(5) — REMEDIES OF PURCHASERS—BREACH OF WARRANTY OF SOUNDNESS—SUFFICIENCY OF COUNTERCLAIM.

In an action on a note given for the price of a cow, it did not affect the sufficiency of the purchasers' counterclaim for breach of warranty of soundness that their plea of recoupment alleged special elements of damage not recoverable as general damages for a breach of warranty of soundness.

**4.** SALES ☞279—SALE OF COW—WARRANTY OF SOUNDNESS—IMPLICATION AS TO GIVING OF MILK.

To warrant a cow as sound does not of itself imply that she will give any milk.

**5.** SALES ☞437(2)—BREACH OF WARRANTY—COUNTERCLAIM—SPECIAL DAMAGES.

In an action on a note given for a cow purchased, the purchasers recouping for breach of warranty of soundness, in the absence of allegation in their plea that the cow was bought or sold as a milch cow, or warranted to give milk, the Supreme Court cannot assume that such was the case, and special damages on account of the loss of milk are not recoverable, in the face of proper objection.

**6.** PLEADING ☞195, 362(2) — DEFECTIVE COUNTERCLAIM—DEMURRER.

Where damages claimed by the purchasers' counterclaim for breach of warranty on account of trouble, inconvenience, and expense in providing for and keeping the cow purchased in her unsound condition were not recoverable under their plea in the face of proper objection, the remedy for their elimination was not by demurrer to the counterclaim, though the court might have stricken the allegation of the special damages.

**7.** APPEAL AND ERROR ☞1042(4)—HARMLESS ERROR—REFUSAL TO STRIKE ALLEGATION.

The rule of the Supreme Court is not to predicate reversible error on the action of the court against motion to strike the allegation of special damages which are not recoverable, since defendant may protect himself against injurious consequences in case of error by objections to the evidence, by exceptions to the court's oral charge allowing recovery, and by request for special instructions.

**8.** SALES ☞354(8) — PLEA FOR RESCISSION FOR FRAUD — OFFER TO RETURN — INSUFFICIENCY.

In an action on a note given for a cow purchased, a plea alleging fraud warranting rescission, and claiming damages on account of it, but failing to aver a return of the cow, or an offer to return within a reasonable time after discovery of the fraud in her sale, or some sufficient excuse for such failure, was bad, though the evidence for defendants tended to show an offer to return.

**9.** PLEADING ☞95—REMEDIES OF BUYER — AVERMENT OF FRAUD—SUFFICIENCY.

The averment of fraud that plaintiff fraudulently represented the cow to defendants to be sound, when in truth and in fact she was not sound at or before the said sale, and that defendants relied on the representations, and, as a proximate consequence, suffered the injuries and damage set out in their preceding plea, was sufficient.

**10.** SALES ☞437(2) — ACTION FOR PRICE — COUNTERCLAIM FOR BREACH OF WARRANTY—EVIDENCE.

In an action on a note given for a cow purchased, defendants counterclaiming for breach of warranty of soundness and fraud, evidence that the cow, while in defendants' possession, gave milk clotted, bloody, and unfit for use, was admissible as going to prove the cow was unsound, and her value or lack of value at the purchase, but was not admissible to swell the damages recoverable under such plea, averring simply breach of warranty of soundness, though it would have been proper under a plea for the seller's fraudulent representations if amended to cure the defect that it failed to aver a return of the animal or an offer to return.

**11.** SALES ☞437(2)—BREACH OF WARRANTY—ELEMENTS OF DAMAGE — FRAUD OR BAD FAITH.

In an action on a note given for a cow, defendants counterclaiming for breach of warranty of soundness and for fraud, the element of damage that the cow's milk was unfit for use was recoverable only where fraud or bad faith was properly alleged and proved; in the absence of fraud or bad faith the measure of damages for a breach of warranty is the difference between the value of the cow in her unsound condition and what her value would have been had she been as warranted.

**12.** SALES ☞442(4) — SPECIAL DAMAGE FOR BREACH OF WARRANTY—LIMITATION.

The special damages alleged in the purchasers' pleas for breach of warranty and fraud should, in respect of the time of their accrual, be limited to a period within which there might be a reasonable demonstration of the remediless nature of the unsoundness.

**13.** SALES ☞429—BREACH OF WARRANTY—FAILURE TO NOTIFY.

Where a cow was sold under warranty of soundness that, after discovering her unsound condition, the purchasers retained her, made no offer to return, and did not, within a reasonable time, make any effort to notify the seller of the fact of unsoundness, did not conclude the purchasers in the seller's action on their note from recovering on their counterclaim for breach of warranty.

**14.** COURTS ☞190(8) — MUNICIPAL COURT — REVIEW—TRIAL DE NOVO.

The law relating to appeals and certioraris from the courts of justices of the peace applies to appeals and certioraris from the municipal court under Loc. Acts 1915, p. 236, § 20, certiorari from the municipal to the circuit court operated as an appeal, and the cause stood for trial de novo in the circuit court under Code 1907, § 4720, providing when and how cases on appeal shall be tried in the circuit court.

Anderson, C. J., dissenting in part.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by John H. Roddam against W. S. Brown and another  From a judgment for defendants, plaintiff appeals.  Transferred from Court of Appeals under section 6, Acts 1911, p. 450.  Reversed and remanded.

The action was on a promissory note and mortgage given for the sale price of a cow. The following pleas were interposed:

(4) Defendants aver that part of the consideration of the note sued on was the sale by plaintiff to defendants of a certain cow, among others, which certain cow plaintiff warranted as a part of consideration to defendants to be sound; that in fact said cow was not sound, and was delivered to defendants in an unsound condition, and as a proximate consequence of said breach of said warranty defendants lost said cow, she having died, and before the death of said cow defendants were put to great trouble, inconvenience, worry, and expense in or about treating said cow, and attempting to cure her, and were deprived for a long time of the use of the milk of said cow, same being unfit for use by reason of the said unsoundness of said

cow, and defendants were put to great trouble, inconvenience and expense in or about providing for, maintaining, and keeping said cow in her unfit condition, all to the damage of defendants in $100, and defendants hereby offer to offset against the claim of plaintiff and claim judgment for the excess.

(5) Defendants aver that part of the consideration of the note sued on was the sale by plaintiff to defendants of a certain cow, among others, which certain cow plaintiff fraudulently represented to defendants to be sound when in truth and in fact she was not sound at or before said sale, and as a part thereof defendants relied upon said representations, and as a proximate consequence of said fraudulent misrepresentation defendants suffered the injuries and damage set out in the fourth plea, all to their damage in $100, which they offer to offset against the claim of plaintiff, and they claim judgment for the excess.

Judgment by default was suffered in the court below, and a petition was filed by defendant for certiorari to remove the cause on the ground that defendants had a good and valid defense, and that they were not served with copies of the process, nor was either one of said defendants notified in any way that said suit had been instituted or was pending, and petitioners did not take an appeal from said judgment within the time prescribed by law, because they had no notice of said suit until the constable came to their home at Vineville to take the cows from them, which was more then five days after the rendition of the judgment, and hence defendants could not appeal. Motion was made to quash the writ because the judgment appealed from was a default judgment, and there are no defects upon the face of the record upon which said judgment was rendered, and the application was not sufficient in law to justify the grant or issuance of writ, and plaintiff and his attorney had no notice of the granting of the writ. This motion being overruled, motion was made to dismiss on the same grounds.

William A. Jacobs, of Birmingham, for appellant. Harsh, Harsh & Harsh and W. J. Slaughter, all of Birmingham, for appellees.

SAYRE, J. [1-7] Plea 4 was a good plea of recoupment. It alleged plaintiff's warranty that the cow, for the purchase price of which the note declared upon in plaintiff's complaint had been given in part, was sound, that in fact she was unsound, and, in effect, that by reason of her unsoundness she had died and had been lost to defendants. On proof of this counterclaim defendants were entitled to recoup in damages to the extent of the difference between the value of the cow in her unsound condition and what her value would have been had she been as warranted. Herring v. Skaggs, 62 Ala. 180, 34 Am. Rep. 4. It did not affect the sufficiency of the counterclaim thus stated that the plea alleged other special elements of damage not recoverable as general damages for a breach of warranty of soundness without more. We assume that a sound cow will give sound milk, if any; but to warrant a cow as sound does not of itself imply that she will give any milk. There is no allegation that the cow was bought or sold as a milch cow, or warranted to give milk, and we cannot assume that such was the case. There being, then, no allegation of warranty covering the special damages, alleged to have been suffered on account of the loss of milk, such damages were not recoverable under this plea in the face of proper objection, and, as will appear, the damages claimed on account of trouble, inconvenience, and expense in and about providing for, maintaining, and keeping the cow in her unsound condition were in like case; but the remedy for their elimination was not by demurrer to the counterclaim. The court, in the present shape of plea 4, might have stricken the allegation of the special damages referred to; but the rule here is not to predicate reversible error of the action of the court against the motion in such case, for the reason that defendant may protect himself against injurious consequences, in case of error, by objections to the evidence, by exceptions to the court's oral charge allowing recovery, and by request for special instructions to the jury. Bixby-Theisen Co. v. Evans, 174 Ala. 571, 57 South. 39.

[8] Plea 5 was bad, for that, alleging fraud that would warrant a rescission, and claiming damages on account of such fraud, it failed to aver a return of the animal or an offer to return within a reasonable time, that is, with due promptitude, after discovery of the fraud in her sale, or some sufficient excuse for such failure. Beatty v. Palmer, 196 Ala. 67, 71 South. 422; Ansley v. Bank of Piedmont, 113 Ala. 467, 21 South. 59, 59 Am. St. Rep. 122; Bessemer Ice Delivery Co. v. Brannen, 138 Ala. 157, 35 South. 56. It is of no avail in avoidance of this defect in the plea that the evidence for defendants tended to show an offer to return. Proof without allegation is of no more consequence than allegation without proof.

[9] The averment of fraud in the fifth plea was sufficient. 7 Mich. Dig. p. 499, § 31.

Citing authorities, we said in Mattingly v. Houston, 167 Ala. 167, 52 South. 78, that:

"The method of adopting the averments of preceding counts has been tolerated by this court, but has never been approved as an admirable habit in pleading. Specific reference from one count to another is a different thing. It is not only permissible according to the precedents, but often proper, in order to avoid unnecessary repetition and prolixity, that one count should refer specifically to another."

We do not understand that anything to the contrary was said in Varnon v. Nabors, 189 Ala. 464, 66 South. 593.

[10, 11] The questions asked with a view to eliciting the fact that the cow, while in the possession of defendants under their contract of purchase, gave milk that was clotted, bloody, and unfit for use, and that defendants had been at trouble and expense

in caring for the cow pending her sickness, would have been proper under plea 5, if amended to cure the defect we have indicated, and the evidence as to the milk was admissible under plea 4 as going to prove that the cow was unsound and her value, or lack of value, at the time of her purchase; but none of this evidence was admissible for the purpose of swelling the damages recoverable under plea 4. Our modern cases hold that such elements of damage are recoverable only where fraud or bad faith is alleged and proved, and that, in the absence of fraud or bad faith, the measure of damages for a breach of warranty, as we said in the outset, would be, in this case, the difference between the value of the cow in her unsound condition and what her value would have been had she been as warranted. Herring v. Skaggs, supra; Jones v. Ross, 98 Ala. 448, 13 South. 319; Bessemer Ice Delivery Co. v. Brannen, 138 Ala. 157, 35 South. 56, and cases there cited. It seems that a different rule prevailed in cases of the sale of slaves, and authorities tending so to show have been cited on the brief for appellee; but the cases cited next above establish a different rule for the case of sales of articles of trade or commerce, and it may be that the duty to care for a slave as a human being, whose life did not depend upon the discretion of his master, had something to do with the establishment of the rule shown by our old adjudications in such cases. At any rate, the rule now appears to be as we have stated it, and it seems the more logical, since the liability in a case of warranty is measured by the terms of the contract.

[12] And in any case the special damages alleged in these pleas should, in respect of the time of their accrual, be limited to a period within which there might be a reasonable demonstration of the remediless nature of the unsoundness and the inutility of efforts to effect a cure. Beyond this the recoupment of damages in cases of this character should not be allowed to go.

[13] The court refused a charge requested by plaintiff to the effect that defendants were entitled to no recoupment if, after discovering the unsound condition of the cow, they retained her, made no offer to return her, nor "within a reasonable time" made any effort to notify plaintiff of the fact that she was not sound. The facts here hypothesized would not of their own force and effect conclude against the counterclaim stated in plea 4, but whether, in the circumstances, they reflected on the bona fides of the counterclaim there stated, may have been a question for the jury. The effect on the counterclaim alleged in plea 5 of a failure to return, or offer to return, the cow, has already been stated.

[14] The petition for certiorari for a removal of the cause from the municipal to the circuit court showed that there had been no proper judgment against the defendants by default or otherwise. The averment was that defendants had not been served, had had no notice of the suit, and no notice of the judgment rendered by the municipal court until the time for an appeal had expired. In all cases the law relating to appeals and certioraris from the courts of justices of the peace apply to appeals and certioraris from the municipal court. Local Acts 1915, § 20, p. 236. The certiorari operated as an appeal, and the cause stood for trial de novo in the circuit court. Code, § 4720. There was no error in overruling the motion to quash the writ.

We cannot find warrant for disposing of the appeal on the theory that either party was entitled to the general charge, and hence that errors were of no consequence. The evidence going to the merits of the cause was in conflict. It results that the cause must be tried again.

Reversed and remanded. All the Justices concur, except ANDERSON, C. J., who holds that the circuit court erred in overruling the motion to quash the certiorari.