(118 So. 377)

## COLEMAN v. NIGHT COMMANDER LIGHTING CO. (5 Div. l.)

Supreme Court of Alabama. Oct. 18, 1928.

Henry A. Teel, of Rockford, for appellant.

A. L. Crumpton, of Ashland, for appellee.

FOSTER, J. One of the material questions presented on this appeal and discussed in briefs of counsel is as to pleas 5 and 6; whether or not the alleged misrepresentations contained in them constitute a misrepresentation of fact or merely "trader's talk." At the time of the sale of the property, consisting of a carbide lighting plant, to appellant, the salesman is alleged to have stated to appellant that he knew what amount of carbide it would require to operate the same for the purpose of lighting appellant's residence, and that the lighting plant would only consume 100 pounds of carbide in a period of six months, whereas, after the plant was properly installed, operated, and used exclusively for the purpose of lighting appellant's residence it consumed in its operation 100 pounds of carbide for each period of two months. The pleas contain the other essential allegations constituting fraud.

The general rule is that, to constitute fraud, a misrepresentation must relate to a material fact in connection with the appliance and must not be merely "trader's talk." Tillis v. Smith Sons Lbr. Co., 188 Ala. 122, 65 So. 1015; J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696; Caffey v. Alabama Machinery & Supply Co., 19 Ala. App. 189, 96 So. 454.

Under some circumstances a representation in the form of an opinion, implying some knowledge of the facts, may be taken for acceptance as a statement of fact. Cartwright v. Braly (Ala. Sup.) 117 So. 477;[1] Tillis v. Smith Sons Lbr. Co., supra; Moses v. Katzenberger, 84 Ala. 95, 4 So. 237; Tabor v. Peters, 74 Ala. 90, 49 Am. Rep. 804.

Whether such expressions are taken as representations of fact or are opinions is, in general, a question of fact for the jury, but sometimes one of law for the court. Tillis v. Smith Sons Lbr. Co., supra.

It is our opinion that the allegations of the pleas 5 and 6 sufficiently show that the representation was stated to be as of a fact and not merely "trader's talk."

The representation must be found by the jury to be equivalent to an affirmation of fact, although it may be in form, or partake somewhat of the nature of an opinion.

Sections 8049 and 5676 of the Code have recently received consideration by this court in the cases of Cartwright v. Braly, supra, and Reliance Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307. Those decisions show a continuance in operation in this state of the rules settled prior to the adoption of such Code provisions. The same question was likewise reviewed in the case of Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286.

It results from the foregoing that pleas 5 and 6 are not subject to the demurrer insisted upon. It should be left to the jury to determine from the evidence the intent and mutual understanding of the parties as to the alleged misrepresentation—whether they constitute mere "trader's talk," or whether they were intended to affirm matters of fact, and, if so, fraudulent intent is not necessary, if made recklessly without knowledge or by mistake and acted upon by appellant.

Appellant's plea 7 was a plea of recoupment, claiming damages for breach of a warranty in the sale of appliances. The plea does not allege whether the warranty was verbal or written. To this plea the plaintiff filed a replication, alleging that the entire contract consisted of a written order executed by appellant and accepted by appellee, and that the acceptance contained the terms of the warranty, and that it did not include the warranty described in plea 7. This replication was, in effect, the general issue, and a demurrer might have been sustained on that ground; but the overruling of such a demurrer is not reversible error. To this replication appellant filed a rejoinder claiming that the written order was obtained by fraud in this:

"That plaintiff's agent, one Owens, who solicited from defendant said order on behalf of plaintiff, and procured defendant to sign same, reported to defendant that said written order only contained an order for the lighting plant and fixtures, to be settled for by defendant's

[1] Ante, p. 49.

giving his notes therefor due in six months; that defendant did not read this said writing before signing the same, and did not know its contents other than as stated herein by plaintiff's said agent, Owens."

It will be noticed that this rejoinder does not allege that the acceptance of the written warranty was procured by fraud. It undertakes to show that the written order was procured by fraud; but the replication does not allege that the warranty was contained in the order, but it was in a separate instrument executed by appellee, and this rejoinder does not show any misrepresentation as to the contents of the contract of warranty alleged to have been in writing.

The rejoinder is otherwise bad in that it is necessary in such pleading to aver a return, or an offer to return, the property involved within a reasonable time after discovery of the fraud or some sufficient excuse for a failure to do so. Beatty v. Palmer, 196 Ala. 67, 71 So. 422; Ansley v. Bank of Piedmont, 113 Ala. 467, 21 So. 59, 59 Am. St. Rep. 122; Bessemer Ice Delivery Co. v. Brannen, 138 Ala. 157, 35 So. 56; Roddam v. Brown, 201 Ala. 109, 77 So. 403; Allen v. Smith, 165 Ala. 247, 51 So. 724.

Appellant cannot retain the ownership of property under a contract and at the same time allege that the contract of purchase was illegal and void because procured by fraud. The contract is either valid or invalid. If he retains the possession of the property without sufficient excuse after discovering the fraud, he thereby affirms the validity of the contract.

The situation is different when the purchaser sues for damages for deceit, as pointed out in the case of Maxwell v. Sherman, 172 Ala. 626, 55 So. 520. It is said in that case:

"It is clear from these authorities that the vendee can either rescind the contract, in which case he must give up possession of the property, or sue for damages resulting from the deceit, in which case there is no reason why he should deliver up possession of the property or any portion of it."

The reason of it is that in an action for deceit plaintiff does not deny the validity of the contract by which he obtained possession of the property. Appellant in this case, by claiming the invalidity of the contract by reason of fraud in its execution, is in the inconsistent attitude of claiming the property under what he alleges to be a void contract. It is, therefore, incumbent upon him, in order to make such claim, that he rescind and return, or offer to return, the property within a reasonable time, or show sufficient excuse for not doing so.

It appears from the foregoing discussion that we consider pleas 5 and 6 are not subject to demurrer, and that the court erred in sustaining demurrer to them; but that the court did not err in sustaining demurrer to appellant's rejoinder to appellee's replication to appellant's plea 7.

Appellant further insists that he should have had the right to prove by his witness the terms of the verbal warranty. Appellant's plea set up a warranty which could be proved in this way. To this plea appellee pleaded the general issue, and specially (in effect) that the entire contract was in writing. Unless it was shown that the contract was in writing, appellant should have been allowed to prove the verbal agreement. The only evidence that there was a written contract was the testimony of Mr. Gandy, as follows:

"He (appellant) signed what was claimed to him was a written order for the plant. After being handed the purporting writing witness further testified: I cannot read a thing. I can't see the lines at all. He took a pencil and made a motion, and I presume he signed it. He made a motion like he did."

We think this is not sufficient to show that the contract of warranty was in writing, or to prevent appellant from proving the allegations of his plea by showing a verbal warranty. The court therefore erred in sustaining objection to appellant's proposed testimony to that effect.

There was no plea impeaching the consideration of the note, and the court was without error in sustaining objection to such evidence.

The other objections to evidence were properly sustained in view of the state of the pleading. Appellant sought to prove facts alleged in his pleas 5 and 6, to which demurrer had been sustained.

There are no other errors committed by the court which are assigned and argued.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.