144 So. 460

## GATLIN v. STARR PIANO CO.

### 4 Div. 807.

Court of Appeals of Alabama.
March 22, 1932.

Rehearing Denied May 17, 1932.

E. O. Baldwin, of Andalusia, for appellant.

Marcus J. Fletcher, of Andalusia, for appellee.

RICE, J.

This was a suit by appellee against appellant on a note under seal for the sum of $250. There was verdict and judgment in favor of appellee for the amount of $150 and costs.

The note, originally for the amount of $300, $50 admittedly having been paid on same, was executed on May 24, 1928, and it was without dispute that it was, before suit brought, past due and unpaid.

It was shown, also without dispute, to have been given by appellant to appellee for the amount of the deferred payments, a part of the purchase price, of a certain piano therein described.

Appellant's defense was, the plea being in short by consent, etc., a breach of warranty in the sale to him of the said piano, in that, while same was represented to him as a new piano, etc., it was, in fact, one that had been used for a number of years, and was worth much less than it would have been had it been as it was represented to him to be, etc.

There were no given nor refused charges, and no exceptions to the trial court's oral charge.

The only matters requiring our attention are some exceptions to rulings made on the taking of testimony in the case.

The principle of law, governing, in this case, under the pleadings, is exactly similar to that stated in the second headnote to the report of the case of Roddam v. Brown et al., in 201 Ala. at page 109, 77 So. 403, to wit: "For breach of warranty of soundness of a cow sold, the purchasers were entitled to recoup in damages, in the seller's action on their note, to the extent of the difference between the value of the cow in her unsound condition and what her value would have been had she been as warranted."

The instant case was tried in accordance with the above principle; the trial judge making it plain to the jury that appellant, under his plea, was entitled to "recoup in damages * * * to the extent of the difference between the value of the (piano) in (its actual condition) and what (its) value would have been had (it) been as warranted."

The testimony was in hopeless conflict; that for each litigant tending to fully support its or his contention.

We have examined each of the assignments of error resting upon rulings made on the taking of testimony which are even slightly insisted upon in argument by counsel for appellant. But we deem it unnecessary to give them separate mention here. The exceptions referred to are obviously without merit.

Each litigant was allowed ample latitude in bringing out in evidence those matters thought to support his or its claim.

There is no prejudicial error, and the judgment is affirmed.

Affirmed.