# Birmingham Railway, Light & Power Co. *v.* Washington.

## *Injury to Passenger.*

### (Decided May 13, 1915.　69 South. 65.)

1. *Carriers; Injury to Passenger; Pleading and Proof; Variance.*— In an action for injuries to a passenger a complaint charging negligence on the part of the conductor is not supported by proof that plaintiff was injured by a sudden movement of the car while she was leaving the car by a front platform, where the evidence showed that it was the motorman's duty to look after the safety of passengers on the front platform, and that the conductor, whose duty it was to see after the safety of the passengers at the rear, could not see the front because of the crowded condition of the car, and as to such count in this case, the defendant was entitled to affirmative instructions because of the variance.

2. *Same; Burden of Proof.*—Where a passenger sues for injuries caused while leaving the car, the burden was on the passenger to show that she was a passenger at the time, and that her injuries resulted from defendant's operation of its car.

3. *Same; Instruction.*—Where defendant's evidence tended to show that the passenger had left the car and was injured by a fall in the street, a charge asserting that the burden of proof was on plaintiff and that she could not recover unless the jury was reasonably satisfied that she was entitled to recover, should have been given.

4. *Same.*—In an action against a street railroad company where defendant was entitled to a charge that the burden of proof was on plaintiff to show that she was injured while leaving the car which charge was refused, plaintiff could not urge that the charge was properly refused because it did not state the necessity that the reasonable satisfaction of the jury should arise out of the evidence, since any such defect was favorable to her.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by Mary Washington against the Birmingham Railway, Light & Power Company for damages for injury received while a passenger. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under the act creating said court.

TILLMAN, BRADLEY & MORROW, E. C. HARRIS, and P. P. WALDROP, for appellant.

McQUEEN & ELLIS, for appellee.

SAYRE, J.—Appellee brought this action to recover damages for personal injury alleged to have been received while a passenger on one of appellant's street cars.

(1) Appellant was entitled under. the evidence to the general charge as to count 2 of the complaint. This ascribed appellee's injury to the negligence of the conductor. Appellee, according to testimony adduced on her behalf, was in the act of leaving the car by way of the front platform and steps when an untimely movement of the car caused her to fall to the street. The evidence shows without dispute that to the motorman was assigned the duty of looking after the safety of passengers while in the act of entering or leaving by way of the front, while the conductor, stationed at the other end of the car, cared for passengers entering or leaving by way of the rear; that the conductor would give the signal to go on when the way was clear at his end; but that it was the duty of the motorman not to move the car on such signal until passengers were safely off or on at his end. This is a reasonable, prudent method of managing the transportation of passengers in street cars, and we see it in operation every day. In this case the conductor, while the car was standing, gave a signal for it to move forward, but the car between him and the motorman was crowded, and there is nothing going to show that he actually. knew that a movement of the car would endanger any one at the front, or that the signal meant anything more than that the motorman should move the car when the way was clear in front.

The conductor must be charged with a general super-intendence of the movement of his car; but there is no reason why he may not without negligence, in the circumstances shown and within the limitation described, leave to the motorman, who is in a better position to know, the duty of moving the car upon his own observation of the conditions at the front. Moreover, apart from any general duty resting upon the conductor, it appears without dispute that the movement of the car of which plaintiff complained was not made in response to the signal shown in the proof. If there was negligence, it was the negligence of the motorman. Defendant was entitled to have this statement of the law of the case made to the jury, and its refusal was error for which a reversal must be ordered.—*L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 44 South. 602.

(2-4)   Defendant was also due the charge requested as follows: "I charge you that the burden of proof in this case is on the plaintiff, and unless you are reasonably satisfied that the plaintiff is entitled to recover you must find for the defendant."

Plaintif sued as a passenger, and it was incumbent on her to show that she was a passenger at the time of her injury, and that her injury resulted from defendant's operation of its car.—*Central of Ga. Ry. Co. v. Brown,* 165 Ala. 493, 51 South. 565. Defendant's evidence tended strongly to show that plaintiff had been safely deposited upon the street, and that her injury was caused by a fall to which its agents contributed nothing. The charge in question was apt to this state of the evidence, and was erroneously refused. There is suggestion in brief for appellee that this charge was properly refused for the reason that it did not postulate the jury's satisfaction as arising out of the evidence. But, if the charge was faulty in this respect, the fault was a favor to ap-

pellee, for, construing the charge in line with the suggestion, it meant that, unless the jury were satisfied from the evidence, or in some other way, that plaintiff was entitled to recover, then they should find for defendant. But the charge needed no interpretation, and should have been given.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ.. concur.