(92 South. 1)

## GEORGE v. ROBERTS. (2 Div. 698.)

(Supreme Court of Alabama. Nov. 10, 1921. Rehearing Denied Feb. 2, 1922.)

1. **Appeal and error ⬤⟶1078(3)—Grounds for overruling demurrer, not insisted on in argument, will not be considered.**

Grounds for overruling a demurrer not insisted on in argument on appeal will not be considered.

2. **Pleading ⬤⟶193(9)—Demurrer to count of complaint for failure to include general specifications and drawings of a building contract properly overruled.**

In an action by a contractor against a property owner for money due on contract on completion of a building, a demurrer to a count because it failed to state general specifications and addenda consisting of many details, drawings, etc., was properly overruled.

3. **Pleading ⬤⟶204(5)—Demurrers to several pleas held insufficient to inform as to the demurrers assigned to each plea.**

Where plaintiff filed demurrers to separate pleas from 1 to 7, inclusive, and on defendant's filing pleas B to O, inclusive, the clerk indorsed under the demurrers that the plaintiff refiled the demurrers to defendant's pleas B to O, inclusive, severally and separately, with the date, it was impossible to tell what grounds of demurrer were intended to be assigned to the respective pleas; the indorsement furnishing no information by which it could be determined what grounds of demurrer were assigned to each respective plea.

Appeal from Circuit Court, Marengo County; A. B. Foster, Judge.

Action by M. H. Roberts against L. W. George on the common counts and special contract. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

See, also, 186 Ala. 521, 65 South. 345.

Henry McDaniel, of Demopolis, for appellant.

Court erred in not sustaining the second ground of the demurrer to the eighth count of the complaint. 95 Ala. 348, 10 South. 422; 166 Ala. 158, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; 198 Ala. 402. 73 South. 542; 37 W. Va. 396, 16 S. E. 638. 38 Am. St. Rep. 54; 30 Fla. 234, 11 South. 556, 17 L. R. A. 654; 144 Ill. 132, 33 N. E. 530, 20 L. R. A. 493, 36 Am. St. Rep. 419; 173 Ill. 179, 50 N. E. 716. On these authorities, the other grounds of the demurrers should have been sustained. Court erred in sustaining demurrers to pleas B to O, inclusive. 107 Miss. 267, 65 South. 245; 95 Ala. 248, 10 South. 647; 166 Ala. 158, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; 127 Ala. 504, 29 South. 31. A replication setting up a modified contract constitutes a departure from the original complaint. 205 Ala. 520, 88 South. 658; 145 Ala. 665, 39 South. 729; 30 Cyc. 260; authorities supra. The architect could not modify the contract without authority from Mr. George. 60 Ala. 493, 31 Am. Rep. 46; 68 Ala. 454; 135 Ala. 477, 33 South. 39; 7 Ala. 371.

Elmore & Herbert, of Demopolis, Pettus, Fuller & Lapsley, of Selma, and Smiths, Young, Leigh & Johnston, of Mobile, for appellee.

There was no error in overruling the demurrers to the eighth count of complaint. 95 Ala. 348, 10 South. 422; 52 Ala. 538. Counsel discuss the rulings on demurrers to the pleas, but they cite no authority in support of their contention. They also insist that no error was committed in the rulings on the replication. 54 Ala. 175; 60 Ala. 343. Counsel discuss the evidence, with the insistence that no error was committed by the court, and they cite in support thereof. 88 Ala. 367, 6 South. 834; 20 Ala. 528; 60 Ala. 214; 66 Ala. 139.

THOMAS, J. The case was before this court on a former appeal. 186 Ala. 521, 65 South. 345. The suit is now upon the common counts and for breach of a building contract in failing to pay the contractor the balance due after completion of the building.

[1] The legal effect or substance of the contract (4 Encyc. Pl. & Pr. 916; Moundville Lbr. Co. v. Warren, 203 Ala. 488, 83 South. 479; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 South. 73) signed by the parties (not the general specifications and addenda thereto) is averred in count 8, to which many grounds of demurrer were assigned. The overruling of the same is insisted upon by due assignment of error and by argument of counsel, as to the second, fourteenth, and sixteenth grounds thereof. Other grounds not being insisted upon are not considered. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158. The second ground of demurrer is that said count "sets out in full" the contract by which it is provided that "payments shall be made upon certificate from the architect certifying that such payments are due," yet fails to allege or show that the defendant has ever failed or refused to pay any sums or amount certified by said architect to be due by him to the plaintiff. The count declares for the breach of the contract "in substance as follows, to wit," setting out the written contract and omitting the plans, specifications, and addenda. The contract averred "in substance provided," in paragraph 1, that M. H. Roberts, party of the first part, agrees to build the one-story residence for L. W. George, party of the second part, at the

place indicated, under "the direction and to the satisfaction of George B. Rogers, architect (acting as agent of said owner), * * * as provided for in the general specifications and addenda (copies of which have been delivered to the contractor), according to the true intent and meaning of said specifications and addenda and of these presents, including all labor and material incident thereto, and shall provide all scaffolding, implements and cartage for the due performance of said work." The expression "according to the true intent and meaning of said specifications and addenda and of these presents" makes the specifications and addenda a part of the written contract, for evidential purposes; yet the contract is not purported to be set out in hæc verba. In paragraphs 3 and 12 of the contract so averred, relating to alterations and payments, is contained the following stipulations:

(3) "Should any alterations be required in the work shown or described by the specifications, a fair and reasonable valuation of the work added or omitted shall be made by the architect, and the sum herein agreed to be paid for the work according to the original specifications shall be increased or diminished as the case may be. In case such valuation is not agreed to, the contractor shall proceed with the alteration, upon the written order of the architect, and the valuation of the work added or omitted shall be referred to three (3) arbitrators. * * *"

(12) "And it is hereby mutually agreed between the parties hereto that the sum to be paid by the owner to the contractor for said work and material shall be four thousand three hundred forty-three dollars, and forty cents ($4,343.40), subject to deduction on account of alterations as hereinbefore provided, and that such sum shall be paid in current funds by the owner to the contractor in installments as follows:

"Payments shall be made upon certificate from the architect certifying that such payments are due.

"Contractor will submit to the architect estimates showing materials, etc., used and labor furnished on the building previous to the demands for payment, and the architect will issue certificates for eighty (80%) per cent. of the amount of statements as approved by him. It being understood that before the final settlement is made, the architect shall certify in writing that all the work, upon the performance of which payment is to become due, has been done to his satisfaction. * * *"

And further that—

(13) It is " * * * agreed between the parties thereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, against any claim of the owner, and no payment shall be construed to be an acceptance of any defective work."

(14) "And the said owner hereby promises and agrees with the said contractor to employ, and he does hereby employ, said contractor to provide the materials and to do the said work according to the terms and conditions herein contained and referred to, for the price aforesaid, and upon the conditions above set forth."

The complaint concludes with the averment that, although plaintiff has complied with all provisions of the contract on his part, the defendant has failed to comply with the provision "to pay to the said plaintiff in current funds the sum of money he agreed to pay under said contract or agreement," as provided in the prescribed form. Code, § 5382, subd. 9. Count 8 was in the statutory form. B. R. L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565; Ferlesie v. Cook, 201 Ala. 571, 78 South. 915. In Davis v. Badders & Britt, 95 Ala. 348, 360, 10 South. 422, the question here presented by the second ground of demurrer was decided; and we have no desire to qualify that decision. Brooklyn L. I. Co. v. Bledsoe, 52 Ala. 538.

The fourteenth ground of demurrer challenges the sufficiency of that count, in the fact that defendant promised and agreed to pay the plaintiff in current funds certain sums of money, and that it failed to aver that the terms and provisions of the contract or agreement "have been performed or complied with so as to render the defendant liable." Thus is re-presented the question raised by the second ground of demurrer which we have decided adversely to appellant.

[2] The sixteenth ground of demurrer was to the effect that count 8 attempted to set out in full the contract or agreement sued on; that the count shows on its face that it does not do so, in this: "The specifications and addenda mentioned therein not being set out in full or the substance thereof stated." We have made plain that the count avers the agreement in substance, merely setting out in hæc verba the builder's contract as signed, and not unnecessarily incumbering the pleadings with the specifications and addenda of the detailed manner of construction stipulated. Good pleading did not require the plaintiff to incorporate the general specifications and addenda consisting of many details, drawings, etc., in a declaration upon a breach of the contract for the failure to pay the sum stipulated upon full performance by plaintiff. In Davis v. Badder & Britt, supra, the contract declared upon did not set forth the plans and specifications of the architect referred to in the contract, and the count was held sufficient. The authorities cited by appellant are not to the contrary. Catanzano v. Jackson, 198 Ala. 302, 73 South. 510, is in assumpsit, and no question of the sufficiency of a complaint for damages for breach of contract was decided; the discussion in Shriner v. Craft, 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19, rested on the sustaining of demurrer to spe-

cial pleas and rulings on admission in evidence of architect's certificate and its evidentiary value under the specific contract, the breach of which was declared on. The demurrer to count 8 was properly overruled.

Many assignments of error, and argument of counsel for appellant, are predicated on the sustaining of demurrers to special pleas B to M, inclusive. On May 10, 1912, attorneys for plaintiff had demurrer to pleas 1 to 7, inclusive, in manner as follows: To plea 1 plaintiff assigned three specific grounds of demurrer; to plea 2, six grounds; to plea 3, one ground; to plea 4, no ground; to plea 5, two grounds; to plea 6, five grounds; and to plea 7, four grounds. Said grounds are indicated by separate numbers and specifically stated. Thereafter the complaint was amended (as to counts 1 to 7, inclusive) "by interlineations therein"; and defendant refiles pleas to said counts as amended and to count 8. Plaintiff demurs to pleas 1 to 7, inclusive; was overruled as to plea 1 and sustained as to pleas 2 to 7, inclusive, "on the ground thereof that the defense therein set up may be proved under the general issue and the other grounds of said demurrer to said pleas 2 to 7 * * * are * * * overruled." Such were the rulings before the former appeal (supra), decided May 14, 1914.

The judgment recital of July 20, 1914, is to the effect that "the defendant moves to withdraw his pleas, and file demurrers to the complaint as amended on the 10th day of May, 1912," which demurrers were overruled; that on July 23, 1914, on motion of defendant, "he is allowed to file pleas a to o," inclusive; and "thereupon plaintiff refiles his demurrers heretofore filed to pleas b to n, inclusive," which were "sustained to the pleas from b to m, inclusive," and overruled as to the other pleas.

[3] A reference to the record proper for the demurrers thus filed to pleas discloses the indorsement of the clerk of the court (of date "7/23/14") under plaintiff's demurrers to pleas theretofore indorsed by the clerk filed in open court on May 10, 1912, to the several and separate pleas 1, 2, 3, 5, 6, and 7. The indorsement was "The plaintiff refiles the above demurrers to defendant's pleas B to O, inclusive, severally and separately. 7/23/14." The ruling of the court in sustaining demurrers so assigned to pleas B to M, inclusive, deprived the defendant of the benefit thereof. The demurrers thus assigned to said pleas made it impossible for the plaintiff or the court to determine what grounds of demurrer were intended to be assigned to the respective pleas numbered from B to M, since the demurrers disclosed by the record proper were addressed to pleas designated numerically and on the several grounds assigned to pleas numbered 1, 2, 3, 5, and 6. The mere indorsement of the clerk,

which we have set out, furnished no sufficient information by which it could be ascertained what grounds of demurrer were assigned to each of the respective pleas, A to O, inclusive.

If it be presumed that the court proceeded upon the theory that the grounds of demurrer assigned to either of the pleas numbered 1 to 7, inclusive, were to be taken and considered as reassigned to each of the pleas subsequently filed and designated alphabetically B to O, inclusive, was the same well taken as to each plea? Taking, for example, plea B; it was averred therein that the suit was brought for work and labor done and materials furnished under a written contract for the construction of a building, and by which it was provided that all matters of difference in relation to said contract should be submitted to the architect whose decision thereon should be conclusive and final, and that the architect should be the sole judge of all matters of workmanship; that said building should be constructed in accordance with certain plans and specifications which were made a part of the contract; and it is further averred that the building had never been completed in accordance with the terms of the contract, but that much of the work had been done and much of the material that has been furnished by the plaintiff is defective and not in accordance with plans and specifications, and "has never been accepted, either by the said architect or by the defendant, but a difference has arisen between the plaintiff and the defendant, which has never been submitted to said architect." The several grounds of the demurrers addressed to the pleas numbered 1, 2, 3, 5, 6, and 7 were reviewed upon former appeal, and the former judgment of the court was reversed on account of the sustaining of said demurrers. We adhere to the former ruling. In George v. Roberts, 186 Ala. 521, 65 South. 345, it was pointed out that there were several common counts; that the defense pleaded consisted of an allegation that the suit was brought for work and labor done and material furnished under a written contract setting up a breach thereof on plaintiff's part, whereby a certificate of the architect was made a condition necessary to payment thereunder, other pleas invoking a provision of the contract with respect to constituting the architect the arbiter in the premises; and that such defense sought to be pleaded could not be available under the general issue to those counts predicating a breach of duty for work and labor done and material furnished under a written contract, the breach of which was so declared on. That is to say, on first appeal the court reversed the judgment because of the sustaining of the grounds of demurrer now insisted upon as available against plea B, and which reversal would not have been sus-

tained if any ground of the demurrer had been well taken. This is in addition to the foregoing reason that the demurrers assigned no grounds to any one of the pleas identified by letters of the alphabet, and demurrer assigning grounds to pleas indicated by numerals were not available to pleas A to O, inclusive. It will not be necessary that we further discuss demurrers to other pleas.

The case should be retried upon the issues more clearly defined according to the direction of the former ruling of this court. There being error in sustaining demurrers assigned to pleas, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.