**YORKSHIRE INS. CO., LIMITED, OF LONDON v. GAZIS.    (7 Div. 726.)**

(Supreme Court of Alabama.    March 24, 1927.)

**1. Insurance ⬤═146(1)—Insurance contracts are construed same as other contracts.**

Construction of insurance contracts does not differ as to fundamental requirements from construction of other contracts.

**2. Pleading ⬤═34(1)—Pleas and replication in action on fire policy are to be read together.**

In action on fire policy, pleas and replication are to be read and considered together.

**3. Insurance ⬤═375(2)—Mere soliciting agent cannot waive or modify provisions of fire policy or set up estoppel against their assertion.**

Mere soliciting agent of fire insurance company, having authority only to take applications for insurance, cannot waive or modify contract provisions of fire policy, or set up an estoppel against insurer's assertion of material contract stipulations.

**4. Insurance ⬤═641(2)—Waiver or estoppel against insurer's asserting insured's breach of fire policy provisions must be charged directly against insurer, or agent's authority to bind principal alleged.**

Allegations of waiver by, or estoppel against, insurance company to assert violation of provisions of fire policy must be charged directly against insurer, or it must be alleged that agent was authorized to bind principal in the estoppel.

**5. Insurance ⬤═641(2)—Insured's replications, alleging waiver and estoppel by acts of soliciting agent to set up defense of double insurance held demurrable.**

In action on fire policy, in which insured's breach of clause against double insurance was set up by plea, replications averring waiver by agent who wrote policy and estoppel because of agent's knowledge of facts and acceptance, and retention of premiums with such knowledge, held demurrable, in absence of allegations showing agent's authority to waive such provisions or to bind company by estoppel.

**6. Insurance ⬤═335(4)—Insured cannot escape iron safe warranties except by waiver or estoppel of insurer or its authorized agent.**

Insured cannot escape his warranties to keep books and inventories in fire proof safe at night, or in a place not exposed by fire, and to produce them for insurer's inspection in case of loss, except on the waiver or estoppel of insurer or an authorized agent having authority to so bind insurer.

**7. Insurance ⬤═640(2)—Plea alleging insured's breach respecting inventories, iron safe clause, and production of books and inventories after fire held not demurrable.**

In action on fire policy, plea alleging that insured broke covenants in policy in not taking a complete itemized inventory of stock on hand, not keeping books and inventories in fire proof safe at night, or in place not exposed to fire, and that he failed to produce books and inventories for insurer's inspection after the alleged loss, *held* sufficient as against demurrer.

**8. Pleading ⬤═192(3)—In action on fire policy demurrer to plea, setting up matters by way of conclusion, held properly sustained.**

In action on fire insurance policy, demurrer to plea, setting up matters by way of conclusion, *held* properly sustained.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by A. Gazis against the Yorkshire Insurance Company, Limited, of London, upon a policy of fire insurance, and for penalty under Code, § 4594. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 7326, Code 1923. Reversed and remanded.

Pleas 2 and A set up the provision of the policy against double insurance, and that no additional insurance was allowed by defendant, and aver a breach thereof, in that plaintiff did take out and procure additional insurance on the identical property, which additional insurance caused the total amount of insurance on said property to exceed the total amount of insurance permitted in the face of the policy, without indorsing on said policy the total insurance so procured, including said policy as provided in the warranties.

Replication 3 asserts a waiver of the defense set up in pleas 2 and A, in that the agent of defendant, who wrote said policy agreed that plaintiff might take out the same amount of insurance on said property in another company, and, while the policy in suit was in force and effect, said agent knew that plaintiff had secured additional insurance on the property and acquiesced in the same.

Replication 4 alleges that, when plaintiff agreed to purchase said insurance from the defendant by and through its agent, it was stipulated that plaintiff was to divide his insurance with another company, and was to secure a policy with another company; that the policy sued on was delivered to plaintiff, and was accepted by him with the understanding that he was to have the right to additional insurance; that said policy was not read over to him or read by him, but was represented to him as providing for such additional insurance, and he honestly believed he had such right.

Replication 5 predicates an estoppel upon the alleged facts that, at the time of the issuance of the policy in suit, it was known to the agent of the defendant who issued said policy that the plaintiff was to secure additional or double insurance on the identical property; that the defendant's said agent, acting within the line and scope of the duties of his service to defendant in soliciting and issuing said policy, sold and issued said pol-

icy to plaintiff with direct and positive knowledge that plaintiff was to secure other additional insurance, and with such knowledge took from plaintiff the amount of the premium for said policy, and retained the same, and never returned or offered to return same to plaintiff, and treated the policy as in full force and effect.

Defendant's plea 5 sets up a provision of the policy that:

"If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and, within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company, signed and sworn to by said insured, stating the knowledge and belief of the insured as to the time and origin of the fire; the interest of the insured and all others in the property; the cash value of each item thereof and the amount of loss thereon; all incumbrances thereon; all other insurance, whether valid or not, covering any of said property; and a copy of all the descriptions and schedules in all policies; and changes in the title, use, occupation, location, possession, or exposures of said property since the issuing of this policy; by whom and for what purposes any building herein described and the several parts thereof were occupied at the time of fire,"

—and that no suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements. It is averred that the plaintiff breached said covenants and conditions in this:

"(1) That plaintiff did not give immediate notice of said loss in writing to this defendant as therein required; (2) that plaintiff did not protect the property from further damage as therein required; (3) that plaintiff did not make a complete inventory of the same, stating the quantity of each article and the amount claimed thereon, and did not within 60 days after said loss render a statement to this defendant in writing and under oath as required therein."

W. J. Boykin, of Gadsden, for appellant.

Defendant's pleas were not subject to demurrer. Insurance Co. v. Williams, 200 Ala. 683, 77 So. 159; Hackett v. Cash, 196 Ala. 403, 72 So. 52. Plaintiff's replications were subject to demurrer. There could be no waiver of the provisions of the policy by an agent of the defendant under the circumstances shown. Prine v. Amer. Central Ins. Co., 171 Ala. 343, 54 So. 547; Southern States F. Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Metropolitan Ins. Co. v. Goodman, 10 Ala. App. 446, 65 So. 449. Violation of the provision against additional insurance voids the policy sued on. Insurance Co. v. Copeland, 90 Ala. 386, 8 So. 48.

E. O. McCord & Son, of Gadsden, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. [1] General constructions of insurance law are established by the decisions, and do not differ as to fundamental requirements from other contracts. Liverpool & London & Globe Ins. Co. v. McCree, 210 Ala. 559, 98 So. 880; Sovereign Camp v. Adams, 204 Ala. 667, 86 So. 737. And the "iron safe" and "double insurance" clauses were the subjects of Insurance Co. v. Williams, 200 Ala. 683, 77 So. 159; South. States F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Hackett v. Cash, 196 Ala. 403, 72 So. 52; Fidelity-Phœnix Co. v. Williams, 200 Ala. 678, 77 So. 156; and the duty to produce books and inventories as stipulated was the subject of consideration in Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 96 So. 250; Chamberlain v. Shawnee Fire Ins. Co., 177 Ala. 516, 58 So. 267; Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674.

The first count is in statutory form, and the second declared for the penalty under section 4594 of the Code, as amended by Gen. Acts of 1911, p. 316. The right of such penalty was upheld in South. States F. I Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Insurance Co. v. Williams, 200 Ala. 681, 77 So. 159. The ruling on demurrer thereto was not erroneous.

[2, 3] Amended pleas 2 and A made a part thereof policy of insurance, which is set out in extenso. George v. Roberts, 207 Ala. 191, 92 So. 1. The demurrers thereto were overruled; and pertinent questions are raised by the overruling of demurrers to replications Nos. 3 to 5, inclusive, as answers to pleas 2 and A. These pleadings are to be read and considered together. Liverpool & London, etc., Co. v. McCree, 213 Ala. 534, 105 So. 901. It is manifest that the alleged agreement set up in the replications was prior to, or contemporaneous with, the issue of the policy sued on, and no facts are averred to show the authority of such soliciting agent to waive or modify the contract provisions of the policy declared upon and contrary to its express terms. It is established that contract relations and duties of the respective parties, after a policy has been issued and delivered, cannot be changed or waived by a mere soliciting agent having only the authority to take applications for insurance and apparently acting for the company in a limited capacity. South. States F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63.

[4] This pleading (construed against the pleader) does not show that said agent of defendant that issued the policy was more than a local or special agent taking applications for insurance, delivering the usual

form of policies, and collecting the premiums therefor, and having no authority to waive and estop; that is, that a local agent or agency acting within the usual line and scope of such authority and business could not waive express provisions of the policy or set up an estoppel against assertion of material contract stipulations. It is not sufficient to allege the agency to do the primary act merely. The waiver or estoppel must be charged directly upon the principal, or it must be alleged that the agent was authorized to bind the principal in the estoppel. Hanover Fire Ins. Co. v. Wood, 209 Ala. 380, 383, 96 So. 250; South. States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63; Ala., etc., Co. v. Long, 123 Ala. 667, 26 So. 655; Prine v. Amer. Central Ins. Co., 171 Ala. 343, 54 So. 547; Insurance Co. v. Williams, 200 Ala. 681, 77 So. 159; Pacific Mut. Life Ins. Co. v. Hayes, 202 Ala. 450, 80 So. 834; Liverpool & London & Globe Ins. Co. v. McCree, 213 Ala. 534, 105 So. 901.

[5] There was error in overruling demurrers to replications 3, 4, and 5 to amended pleas 2 and A.

The action of the trial court in sustaining demurrers to defendant's pleas 4 and 5 are assigned as error. In plea 4 is set up the contract stipulations that—

"Warranty to keep books and inventories, and to produce them in case of loss—the following covenant and warranty is hereby made a part of this policy: 1st. The assured will take a complete itemized inventory of stock on hand at least once in each calendar month prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy, or this policy shall be null and void from such date, and upon demand of the assured the unearned premium from such date shall be returned. 2nd. The assured shall keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory, as provided for in first section of this clause, and during the continuance of this policy. 3rd. The assured will keep such books and inventory, and also the last preceding inventory, if such has been taken, securely locked in a fireproof safe at night, and at all times when the building mentioned in this policy is not actually open for business; or, failing in this, the assured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building. In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery hereon."

And in that plea it is averred:

"That plaintiff breached the foregoing covenants and conditions in said policy in the following particulars: (1) That he did not take a complete itemized inventory of the stock on hand as provided therein; (2) that the plaintiff did not keep said books and inventories securely locked in a fireproof safe at night and at other times as therein provided, nor did he keep said books and inventories in a place not exposed to a fire which would destroy the building where said business was carried on; (4) that the plaintiff failed to produce said books and inventories for the inspection of the defendant after said alleged loss as provided in said warranty. Wherefore said policy became and was null and void."

[6, 7] The plaintiff cannot escape his warranties to keep books and inventories as required, and produce the same in the event of loss, except on the waiver or estoppel of the principal or an authorized agent to that end having due authority to so bind the principal. Insurance Co. v. Williams, supra; South. States F. I. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63. The material failure in that behalf was sufficiently pleaded. Demurrer thereto should have been overruled to plea 4.

[8] Some matters set up in plea 5 were by way of conclusion. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933. Demurrer was properly sustained.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.