## DOVEL v. NATIONAL LIFE INS. CO.
### 6 Div. 614.

Court of Appeals of Alabama.
June 27, 1934.

Rehearing Denied Oct. 2, 1934.

Affirmed on Mandate Nov. 27, 1934.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Robert E. Smith, of Birmingham, for appellee.

SAMFORD, Judge.

All of the questions necessary to a decision in this appeal are contained in count 1 of the complaint and defendant's plea 5, to which plea demurrer was overruled.

In the case of Prudential Life Insurance Company v. Gray, 159 So. 262,[1] this court held that in a case claiming for total disability the plaintiff was not entitled to a recovery, where the proof of such disability had not been made until after the policy had terminated, although the disability had occurred while the policy was in full force and effect. In other words, the proof of disability was, under the terms of that policy, a condition precedent to a recovery, and could not be made after the termination of the policy. In writing the opinion in the above case, Rice, J., speaking for this court, emphasizes the fact that the proof was not made until after the policy had lapsed and become terminated. To the same general conclusion are the decisions in McGifford v. Protective Life Insurance Company, 227 Ala. 588, 151 So. 349 and New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075. In the McGifford Case, supra, Mr. Justice Brown registered a dissent, but we take it that the above-cited cases fix the principle in this state that where the contract clearly provides that liability for disability is dependent upon proof of such disability being made, such proof becomes a condition precedent to recovery and must be made during the life of the contract.

It may be that in an insurance contract where there was a clear and definite provision as to the time of making proof of disability, and a forfeiture provided in case of failure, the insured would be held to the plain terms of the policy as a condition precedent to liability on the part of the insurer. In this case, however, that question does not arise and is not decided.

In the instant case, the provisions in the policy relative to notice, "If the insured * * * and before default in the payment of any premium and before the anniversary nearest the sixtieth birthday of the insured and while this policy is in full force, shall furnish to the company, due proof of disa-

[1] Post, p. 268.

bility," etc. There is nowhere in the policy any specific forfeiture of any right by reason of a failure to furnish the proof at a designated time. The payment of indemnity to the insured is one of the valuable considerations in the policy moving from the insurer to the insured and for which the insured has paid and each year continues to pay a premium. This consideration is not forfeited or lost by reason of a condition precedent without a clear, specific provision in the contract to that effect. United Benev. Soc. of America v. Freeman, 111 Ga. 355, 36 S. E. 764. In the absence of such express stipulation forfeiting the policy for delay in furnishing proof beyond the fixed period, the effect of such delay will be to postpone liability of the company, vol. 7, Cooley's Briefs, p. 5766(h); 33 Corpus Juris 14(661); provided, the proofs are made while the policy is in full force and effect.

The plaintiff contracts for and there is issued to him by the defendant a certain policy of insurance in 1918; this policy provides for certain benefits passing to plaintiff, among which is an indemnity for and on account of total disability, up to a certain age limit; the defendant charges and receives certain annual premiums based upon this risk. There is a requirement of notice of such disability at a certain time, but no specific agreement as to forfeiture in case of failure. The disability actually occurs within the age given in the policy, but no notice is given at the time, and the policy continues in force and plaintiff continues to pay the premium. If the required notice and proof is made during the life of the policy, there is no forfeiture; but liability is deferred. The demurrer to plea 5 should have been sustained.

Pleas 6 and 7 were bad in that they stated as a conclusion that "plaintiff did not submit said proof during the time the said contract or policy was in full force." The pleas should have stated the facts causing the termination of defendant's obligations under the policy. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933; Yorkshire Ins. Co., Ltd., v. Gazis, 215 Ala. 564, 112 So. 154.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Dovel v. National Life Insurance Co., 229 Ala. 378, 157 So. 882.