159 So. 262

## PRUDENTIAL INS. CO. OF AMERICA v. GRAY.

### 6 Div. 483.

Court of Appeals of Alabama.
April 10, 1934.

Rehearing Denied June 5, 1934.

Affirmed on Mandate Oct. 30, 1934.

Rehearing Denied Dec. 18, 1934.

Taylor & Higgins, of Birmingham, for appellee.

Harsh, Harsh & Hare, of Birmingham, for appellant.

RICE, Judge.

This was an action by the appellee upon a group insurance policy issued by appellant upon employees of the Louisville & Nashville Railroad Company; appellee seeking to recover, as one of such employees, permanent and total disability benefits under the provisions of the said policy.

Pertinent provisions of the policy are:

"Disability Before Age 60: Waiver of Premiums—Payment of Insurance.—If any person insured under this Policy shall become totally and permanently disabled, either physically or mentally, from any cause what-

soever, to such an extent that he (or she) is rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his (or her) lifetime, and if such disability shall occur at any time after the payment of the first premium on account of such insurance, while this Policy is in full force and effect and the said person is less than sixty years of age, the Company, *upon receipt of due proof of such disability*, will grant the following benefits:

"(1) Waiver of Premiums:—The Company will, during successive renewal periods, waive the payment of that portion of each premium under this Policy applicable to the insurance on the life of said disabled person the due date of which, as specified on the first page hereof, shall occur after receipt by the Company of said proof of such disability.

"(2) Payment of Insurance:—The Company will, in addition to waiving the premiums, pay to said person at its Home Office *the amount insured on his (or her) life*, in twenty-four monthly installments during two years, each installment to be of the amount of $42.55 per $1000 of insurance payable. The first of such, monthly installments shall be paid immediately upon receipt by the Company of due proof of such disability and subsequent monthly installments shall be paid on the first day of each month thereafter.

"The total amount of insurance under this Policy on the life of the said person at any time after one or more of such installments have been paid shall not exceed the commuted value of such of said installments as are not then due computed at the rate of three and one-half per cent. per annum compound interest.

"Any insurance remaining at the death of the said person shall be paid to the Beneficiary or Beneficiaries of said person.

"1. Payment of Premiums:—All premiums are payable at the Home Office of the Company, but may be paid to an agent of the Company on or before the dates when due, in exchange for official receipts signed by the President or the Secretary and countersigned by an authorized agent of the Company. If any premium be not paid when due this policy shall be void and all premiums forfeited to the Company except as herein provided.

"Grace in Payment of Premiums:—In the payment of any premium under this Policy, except the first, a grace of thirty-one days

without interest will be allowed, during which time the Policy will remain in force.

"Termination of Individual Insurance:— Irrespective of any other mode of termination the insurance upon the life of any person insured hereunder shall cease and determine upon termination of the employment of such person with the Employer, upon receipt by the company of written notification to that effect from the Employer, except that at the option of the Employer employees temporarily laid off, on leave of absence or temporarily disabled shall during such periods be considered as being in the employ of the Employer. Such written notification by the Employer of any termination of insurance shall be satisfactory evidence that *such insurance has terminated and shall release the company from all claims on account of the insurance so terminated*, except as to the right of conversion as herein provided."

Appellee's testimony tended, sufficiently, to show that he became "totally and permanently disabled * * * to such an extent that he (was) rendered wholly, continuously and permanently unable to engage in any occupation or perform any work for any kind of compensation of financial value during the remainder of his lifetime" (New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547), on *April 15, 1931*. And that on this date. the policy sued on was in full force and effect, that he was covered by and included in its terms, and that he was less than sixty years of age. In short, that, had claim been *properly made before the termination of the* policy, he was entitled to recover the disability benefits described in the same.

It is without dispute that appellee made *no* "proof of such disability" (described above) before October 5, 1931; that no *notice* of such claimed disability was brought home to appellant before November 5, 1931, at which time it received appellee's alleged "due proof," etc., theretofore, by him, executed on *October 5, 1931.*

Likewise it is without dispute that the policy of insurance sued on was "terminated" as to appellee, by the nonpayment of premiums, as well as by his ceasing to be an employee of the Louisville & Nashville Railroad Company, not later than *September 2, 1931.*

So the simple, controlling question, as we see it, presents itself: "Can appellee recover the disability etc. benefits described therein, in this (or any) suit on the policy containing the provisions we have quoted hereinabove—all other prerequisites being, for the purpose, conceded—when it appears that

though his disability etc. occurred during the *life* of said policy, 'due proof of such disability' was not made out, nor filed, with the insurer until *after* the policy had been 'terminated' as provided for therein?"

If they furnish the answer, we are permitted to look no further than the decisions of our own Supreme Court in answering the question we have asked. Code 1923, § 7318.

And it seems to us, and we hold, that we are required to answer the said question in the negative.

■ As said by Mr. Justice Knight in the opinion in the case of McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349, 351—a case of great similarity to the present one, though *not*, perhaps being an authority directing our answer above: "Another familiar rule, obtaining in this court, as well as elsewhere, is that it is the duty and function of the court to construe and enforce the contract as it is written, * * * and not to attempt to make a new contract for the parties, nor, by implication or construction, to add to the contract words, terms, or conditions, exceptions, promises, or obligations which it does not contain."

■ The policy here expressly provided that "if any premium be not paid when due this policy shall be void." As appears from the hereinabove quoted excerpts from the policy, the provision for the "waiver of premiums" was *not* to take effect except "upon *receipt* of due proof of such disability"—that claimed by appellee. This was not furnished, if at all, until more than thirty days after the expiration (September 1, or 2, 1931) of the grace period for the payment of the premium due on August 1, 1931 (which was never paid), granting that otherwise there was nothing to prevent the policy being kept in force. So the conclusion is inescapable that for some weeks before appellee made out or filed his "due proof," etc., the policy sued on was "void," that it had "terminated" as to him, and that these facts *released* "the company (appellant) from all claims on account of the insurance so terminated."

In the case of New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 152, 59 A. L. R. 1075, the policy sued on provided that: "If the insured * * * shall furnish due proof * * * that he has become wholly disabled * * * the company will waive payment of each premium" etc. Mr. Justice Bouldin, for the court, in that situation said: "We are of opinion that furnishing proof of disability to the insurer is made a

condition precedent to the waiver of premium payments" etc.

Here the policy provides: "If any person insured (as appellee) * * * shall become totally and permanently disabled etc. * * * the company (appellant), *upon receipt of due proof of such disability*, will grant the following benefits," one of which benefits was the waiver of "the payment of that portion of each premium under this policy applicable to the insurance on the life of said disabled person the due date of which, * * * shall occur after receipt by the company of said proof of such disability."

Manifestly it seems to us, in line with the holding by the Supreme Court in the New England Mut. Life Ins. Co. v. Reynolds Case, supra (Code 1923, § 7318), we must say here, as we do, that the *receipt* by the appellant company of "due *proof* of such disability" was a condition precedent to the waiver of premium payments.

It would appear not controverted that, before a recovery may be had in a suit of this kind, the policy must be in force, either by the *payment* of the necessary premiums or by the *waiver* of their payment.

In the case most strongly relied upon by appellee, viz., Minnesota Mut. Life Ins. Co. v. Marshall (C. C. A.) 29 F.(2d) 977, 978, the theory upon which a recovery was allowed was that the "time of waiver is the time of disability," rather than the "time of proof of disability." But the learned judge writing the opinion in that case indicated, it seems to us, that, if the benefits had been sought (as here) while the insured was living, he would have held otherwise.

According to the plain language of the policy provisions we have set out above, there seems to us no escape from the conclusion that, under the undisputed facts in evidence, the appellee was not entitled to recover. This renders it unnecessary that we consider any other assignment of error than that, or *those*, based upon the refusal to give at appellant's request the general affirmative charge to find in its favor. For the error in this regard, the judgment is reversed, and the cause remanded.

Reversed and remanded.

### Opinion after Remandment.

We have given careful study to the opinion by the Supreme Court, 159 So. 265, in its use of the expression "we have reached a conclusion as to the meaning of the policy different from that stated by the Court of Ap-

peals, *and which will probably change the result on appeal."* (Italics ours.)

Well, it will. The proper construction of the policy in question being that announced by the Supreme Court, there is no need of our prolonging our remarks by a detailed treatment of the large number of assignments of error argued here in brief of counsel for appellant.

We have given careful attention to each such assignment and the argument for error in the ruling underlying same. But it is so plain to us that no one, nor all, of said rulings had any effect upon the outcome of the trial, that we deem discussion needless.

We decided the controlling question in the case—wrong, as decreed. Code 1923, § 7318.

We now decide, and announce, that, if error infected any other ruling, properly presented for our review, than the one treated in our original opinion, it was clearly error without injury.

The judgment is affirmed.

Affirmed.